**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

RONALD KING, an individual, on behalf
of himself and all others similarly situated,

      Plaintiff,

vs.                                                  **COMPLAINT - CLASS ACTION**

CREDIT CARD RECEIVABLES FUND
INCORPORATED, an Ohio corporation,
and ZB LIMITED PARTNERSHIP, a Delaware
limited partnership, doing business together as
" Unifund CCR Partners," MARK A. HALL,
an individual, and HALL LAW, LLC, a Florida
limited liability company,

      Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

      Plaintiff, Ronald King, an individual, on behalf of himself and all others similarly

situated, sues Defendants, Credit Card Receivables Fund Incorporated, an Ohio corporation, and

ZB Limited Partnership, a Delaware limited partnership, doing business together as "Unifund

CCR Partners " (hereinafter collectively referred to as "Unifund"),  Mark A. Hall, an individual,

Hall Law, LLC, a Florida limited liability company, and Hall Law, LLC, a Florida limited

liability company, and alleges:

### I. PRELIMINARY STATEMENT

      1.     This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more

commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

2.      For a considerable period of time prior to the filing of the instant action, Unifund has maintained a practice and policy of collecting charged-off consumer debts both through express and implied representations that licensed attorneys were actively involved in the collection of consumer debts. *See, e.g., Rosenau v. Unifund Corporation,* 539 F.3d 218, 224 (3rd Cir.2008) [holding that debt collection letter from collection company's "legal department" which in fact employed no attorneys, could be interpreted as being meaning that attorneys had played role in writing or sending letter, and thus qualified as misleading under the FDCPA]; *cf. LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185 (11th Cir.2010) [11th Circuit determined *inter alia* that without required license to collect debts, Unifund could not legally take the step of filing, or threatening to file, a collection lawsuit].

3.      Plaintiff brings this action on behalf of himself and all others similarly situated for declaratory judgment that the practices of Defendants violated the FDCPA and for an award of statutory damages for himself and the class.

## II.  JURISDICTION

4.      The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§2201-2202.

## III.  ALLEGATIONS AS TO PARTIES

5.      At all times material, Plaintiff, Ronald King ("Mr. King"), is *sui juris* and a resident of Pompano Beach, Broward County, Florida.

6.      At all times material, Defendant, Mark A. Hall ("Attorney Hall"), is a *sui juris* and a resident of Duval County, Florida.

-2-

7.    At all times material, Defendant, Hall Law, LLC ("Hall Law"), was a Florida limited liability company doing business in the State of Florida, and more particularly in Broward County, Florida.

8.    At all times material, Attorney Hall and Hall Law (hereinafter referred to collectively as "Collection Law Firm") maintained their principal place of business at 4320 Deerwood Lake Parkway, Suite 101-144, Jacksonville, Florida 32216.

9.    At all times material, Defendant, Credit Card Receivables Fund Incorporated ("CC Receivables"), was an Ohio corporation doing business as "Unifund CCR Partners" in Broward County, Florida.

10.    At all times material, Defendant, ZB Limited Partnership ("ZB Ltd."), was a Delaware limited partnership doing business as "Unifund CCR Partners" in Broward County, Florida.

11.    At all times material, CC Receivables and ZB Ltd. did business together under the fictitious name "Unifund" in Broward County, Florida.

12.    At all times material, Defendants are or were engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempted to collect consumer debts alleged to be due to another.

13.    Defendants are a "debt collector(s)" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6).

14.    Mr. King is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. §1692a(3).

15.    Unifund is properly subject to jurisdiction in the State of Florida under the Florida

Long Arm Jurisdiction Act as a result of the performance of acts or omissions outside the state, which cause injury to parties within the State of Florida.

## IV.  FACTUAL ALLEGATIONS

### *A.  Description of Consumer Debt*

16.     Several years prior to the filing of the instant action, Mr. King opened an open-ended credit account, known more commonly as a "charge account" ("Charge Account") through Citibank (South Dakota), N.A. ("Citibank"), for personal and household purposes, including the purchase of personal clothing, food and household items.

17.     As the result of a decline in personal income, Mr. King was unable to make payments on the Charge Account.

18.     At some time prior to the filing of the instant action, Unifund purportedly acquired the Charge Account for unknown consideration and under unknown terms.

### *B. Acquisition of "Zombie Debt" by Unifund*

19.     Upon information and belief, Unifund purchased the Charge Account from Citibank or the successor in interest of Citibank as part of a business plan to dispose of uncollectible consumer accounts of Citibank or its successor in interest in a business practice known more commonly in the media as "debt scavenging," "zombie debt collection," or "junk debt collection." <u>See</u>, generally, *"Zombie Debt: The Bills That Won't Die,"* ABC Nightly News, February 28, 2008; *"Zombie Debt Comes Back to Haunt Consumers,"* Sun-Sentinel, June 25, 2006. In the typical business model employed by businesses such as Unifund, the debt collection agency will buy charged-off accounts from original lenders for pennies on the dollar.

20.     Businesses adopting the aforementioned business model will attempt to collect the

principal indebtedness of the charged-off debt together with accrued interest from the consumer

obligor using tactics which implicitly or even expressly state to the least sophisticated consumer

that the stale, time-barred debt is an obligation which is enforceable through judicial means and

is reportable to the credit reporting agencies despite such debts being "obsolete" and not

reportable under the Fair Credit Reporting Act.

### C. Unlawful Collection Practices of Defendants

#### 1. Use of Unlawful Collection Communication

##### a. General

21.      Commencing in September, 2011 through the date hereof, Defendants, through

their agents, employees and/or representatives acting within the scope of their employment with

the authority of Defendants, began a pattern of conduct reasonably calculated to obtain payment

from Mr. King under the Charge Account using false, deceptive and unconscionable means.

22.      On or about September 19, 2011, Unifund sent or caused to be sent to Mr. King

correspondence, known more commonly in the collection industry as a "dunning letter,"

concerning the Charge Account ("Faux Law Firm Communication").

23.      A true and correct copy of the Faux Law Firm Communication is attached hereto

and incorporated by reference as Exhibit "A."

24.      The Faux Law Firm Communication purports to be on the letterhead of "Hall

Law, LLC" and purports to be signed by "Mark A. Hall, Esquire."

25.      The Faux Law Firm Communication was not in fact sent by the Collection Law

Firm, but rather was prepared and sent by Unifund in order to falsely, deceptively and

misleadingly represent that attorneys licensed by the State of Florida were actively involved in

the collection of the Charge Account as of the date of the Faux Law Firm Communication, to-wit: September 19, 2011.

    *b. Noncompliance With Disclosure Requirements of 15 U.S.C. §1692g*

26. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. Pursuant to the Faux Law Firm Communication, Defendants provided the following disclosure with respect to the rights of Mr. King to obtain verification of the debt being collected:

-6-

> If you fail to contact my firm within 30 days of the date you receive
> this letter and dispute the validity of this debt or any portion
> thereof, I will assume this debt is valid. If you contact my office in
> writing within thirty (30) days of the date you receive this letter
> **and request verification of this debt**, I will obtain verification of
> this debt and mail you a copy of such verification. Also, upon your
> written request within 30 days of the date you receive this letter,
> my firm will provide you with the name and address of the original
> creditor if different from the current creditor.

(emphasis added by Plaintiff)

28.     Pursuant to the plain and unambiguous language of the FDCPA, a consumer is not required to "request verification of [the] debt" as stated by Defendants. Rather, consumers such as Mr. King are only required to dispute the debt or any portion thereof in writing within thirty days from the receipt of the collection communication to obtain debt verification.

<em>c. False Mailing Address</em>

29.     The letterhead of the Faux Law Firm Communication falsely, deceptively and misleadingly represents that the Collection Law Firm had a mailing address in Cincinnati, Ohio, to-wit: P.O. Box 42465, Cincinnati, Ohio 45242 ("Faux Law Firm Address").

30.     The Faux Law Firm Address was not the address of the Collection Law Firm, which at all times maintained its physical and mailing address at 4320 Deerwood Lake Parkway, Suite 101-144, Jacksonville, Florida 32216.

31.     The Faux Law Firm Address is a post office box maintained exclusively by Unifund in order to simulate addresses for lawyers. Based on the best current due diligence of Mr. King, it would appear that Unifund has used the Faux Law Firm Address for other attorneys not associated with the Collection Law Firm.

32.     Attorney Hall is not a member of the Ohio Bar and is authorized to practice only

-7-

in the State of Florida.

      33.    As a member of the Florida Bar, Attorney Hall is subject to the requirements of

the Rules of Professional Conduct of the Rules Regulating the Florida Bar.

      34.    Rule 4-7.9, Rules of Professional Conduct of the Rules Regulating the Florida

Bar, provides in pertinent part the following:

> (a) **False, Misleading, or Deceptive.**  Lawyers shall not use a firm
> name, letterhead or other professional designation that is false,
> misleading or deceptive as set forth in subdivision (c)(1) of Rule 4-
> 7.2.
>
> > (Rule 4-7.9, Rules of Professional Conduct, Rules
> > Regulating the Florida Bar)

      35.    Rule 4-7.9(d), Rules of Professional Conduct, provides in pertinent part:

> (d) **Law Firm With Offices in More Than One Jurisdiction.**  A
> law firm with offices in more than 1 jurisdiction may use the same
> name in each jurisdiction, but identification of the lawyers in an
> office of the firm shall indicate the jurisdictional limitations and
> those not licensed to practice in the jurisdiction where the office is
> located.
>
> > (Rule 4-7.9, Rules of Professional Conduct, Rules
> > Regulating the Florida Bar)

*d.  False Contact Information*

      36.    Pursuant to the Faux Collection Communication, Defendants stated:

> If you fail to contact **my office** within thirty (30) days of the date
> you receive this letter UNIFUND CCR PARTNERS may instruct
> my firm to commence a lawsuit to recover this debt. In the context
> of that case, and pursuant to Florida law, Unifund CCR Partners
> will also ask the court to award interest, attorney's fees, and costs
> expended.
>
> > ("Contact Representation")
> > (emphasis added by Plaintiff).

      37.    The Contact Representation of Defendants constituted an unfair and

unconscionable means to collect or attempt to collect a debt in so far as consumers such as Mr. King receiving the Faux Law Firm Communication had absolutely no way to contact the Collection Law Firm with the information provided in the Faux Law Firm Communication.

38.     The Contact Representation of Defendants was materially false, misleading and deceptive as the contact information for the Collection Law Firm was not for the Collection Law Firm but for Unifund.

### e.  False Telephone Number

39.     Pursuant to the Faux Law Firm Communication, Defendants stated:

> If you would like to resolve this matter, please feel free to contact **my office** at (888) 347-7788.
>
> ("Telephone Contact Representation")<br>(emphasis added by Plaintiff)

40.     The Telephone Contact Representation of Defendants was materially false, deceptive and misleading in so far as the telephone number provided — (888) 347-7788 — is a telephone number which is answered by Unifund and not the Collection Law Firm.

### 2.  Filing of Unlawful Collection Lawsuit

41.     On or about March 29, 2012, Unifund filed or caused to be filed a civil action against Mr. King in that certain case styled "*Unifund CCR Partners v. Ronald King*; In the County Court, in and for Broward County, Florida; Case No.: 12-5042 (60)" ("King Collection Action").

42.     By information and belief, the pleadings and other papers (hereinafter referred to collectively as "King Collection Action Court Filings") filed in the King Collection Action were not in fact prepared by the Collection Law Firm, but rather by the "legal department" of Unifund

in Cincinnati, Ohio.

43.     True and correct copies of the King Collection Action Court Filings are attached hereto and incorporated by reference as Composite Exhibit "B."

44.     As a salient example of the involvement of Unifund in the filing and prosecution of the King Collection Action, Unifund filed or caused to be filed a "civil cover sheet" ("King Collection Action Civil Cover Sheet") which provided a telephone number of (888) 347-7788 and a fax number of (513) 489-6903 for the Collection Law Firm.

45.     A true and correct copy of the King Collection Action Civil Cover Sheet is attached hereto and incorporated herein by reference as Exhibit "C."

46.     The telephone number provided on the King Collection Action Civil Cover Sheet is the telephone number of Unifund in Cincinnati, Ohio.

47.     The fax number provided in the King Collection Action Civil Cover Sheet is the fax number for an affiliate of Unifund — "National Check Bureau, Inc." — located at 10625 Techwoods Circle, Cincinnati, Ohio 45242.

48.     As a further example of the involvement of Unifund in the filing and prosecution of the King Collection Action, Unifund communicated or caused to be communicated to the Clerk of County Court for Broward County, Florida that the address for the Collection Law Firm was "P.O. Box 42670, Cincinnati, Ohio 45242."

49.     A true and correct copy of the court docket for the King Collection Action is attached hereto and incorporated by reference as Exhibit "D."

### 3. *Unifund's Use of Technology in Unlawful Collection Practices*

50.     During the past several months, Unifund has sent or caused to be sent out

hundreds and perhaps thousands of letters to various Florida consumers under the letterhead of "Hall Law, LLC" with the purported signature of "Mark A. Hall, Esquire"in the form or substantially similar form as the Faux Law Firm Communication.

51.     During the past several months, Unifund has filed or caused to be filed collection lawsuits against various Florida consumers using the same or substantially similar form complaint and other documents as the King Collection Action Court Filings.

52.     By information and belief, Unifund uses a mechanized, computer-driven process to send collection letters such as the Faux Law Firm Communication and to prepare court filings such as the King Collection Action Court Filings, with the most variable information, such as the name of the creditor, the alleged amount due, and the name of the consumer, inserted into pre-defined "fields" by a word processor or other computer-driven document assembly software.

53.     Mr. King is informed and believes, and on that basis alleges, that the information being inserted in these fields are sent to consumers *en masse* as electronically-stored information via modem or other computer-readable format.

54.     By information and belief, written communications to consumers from Unifund, including letters such as the Faux Law Firm Communication and court filings such as the King Collection Action Court Filings, are created directly from the electronically-stored information by Unifund.

55.     By information and belief, no attorney at the Collection Law Firm meaningfully reviews or authorizes any particular individual letter in the form of or substantially similar form as the Faux Law Firm Communication before it is sent or any court filings in the form of or substantially similar form as the King Collection Action Court Filings before same is filed.

-11-

56.     By information and belief, no attorney at the Collection Law Firm meaningfully reviews the account balance to determine how the balance is calculated or if the balance is correct.

57.     By information and belief, no attorney at the Collection Law Firm has actual knowledge of whether the account balances being sought are correct.

58.     By information and belief, before seeking to collect an alleged debt under the auspices of a law firm, no attorney at the Collection Law Firm actually reviews the statement of the consumer's account in a manner or a form which allows the attorney to make certain legal judgments, which in the exercise of ordinary due diligence, an attorney would make in attempting to collect a debt associated with a consumer debt such as: (1) the date the consumer's account was opened (i.e., to determine whether the debt obligation was subject to legal or equitable defenses including applicable statute of limitations); (2) the residence of the debtor (i.e., to determine where the litigation can be prosecuted and what state law governs the account); (3) the date of each charge that was applied to the consumer's account; (4) the amount and date of each payment applied to the consumer's account; and (6) the method, rate, and means of computing interest on the consumer's account.

59.     By information and belief, at the time the Faux Law Firm Communication was sent to Mr. King and the King Collection Action Court Filings were filed, the Collection Law Firm did not know that its Faux Law Firm Communication was being sent or that the King Collection Action was being filed as the mailing and filing tasks were handled by Unifund.

60.     By information and belief, no attorney at the Collection Law Firm reviews collection files or makes determinations about the legal validity of a debt before collection

communications are sent or other action against consumers is initiated.

61.     Unifund is a collection agency masquerading as a law firm which uses clerical

workers who are not attorneys to collect debts using the power and leverage of a law license.

### V.  PRACTICES OF DEFENDANTS

62.     It is or was the policy and practice of Defendants to send collection letters in the

form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or

frustrate consumers with respect to informing consumers of their rights regarding debt validation

as required under 15 U.S.C. §1692g.

63.     It is or was the practice and policy of Defendants to:

(a)     used false, deceptive, or misleading representations in connection with the

collection of any debt in contravention of 15 U.S.C. §1692d;

(b)     engage in conduct the natural consequence of which is to harass, oppress,

or abuse any person in connection with the collection of a debt in contravention of

15 U.S.C. §1692e;

(c)     make a false representation of the character, amount or legal status of any

debt in contravention of 15 U.S.C. §1692e(2)(A);

(d)     make a false representation or implication that a communication was

from an attorney in contravention of 15 U.S.C. §1692e(3);

(e)     make a threat to take any action that cannot legally be taken or is not

intended to be taken in contravention of 15 U.S.C.§1692e(5);

(f)     used or distributed any written communication which creates a false

impression as to its source, authorization or approval in contravention of

-13-

15 U.S.C. §1692e(9);

(g)     used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10);

(h)     used any business, company or organization name other than the true name of the debt collector's business, company or organization in contravention of 15 U.S.C. §1692e(14); and

(i)     used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

## VI.  CLASS ACTION ALLEGATIONS

64.     This action is brought on behalf of a class consisting of (i) all persons to whom letters the same or substantially similar form as Exhibit "A" were sent or against whom collection lawsuits were filed using the same or substantially similar form court filings as the King Collection Action Court Filings attached hereto as Composite Exhibit "B" (ii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or household purposes (iii) which were not returned undelivered by the U.S. Post Office (iv) during the one year period prior to the filing of the complaint in this action.

65.     Plaintiff alleges on information and belief based on the Defendants' use of letters in the form or substantially similar form as Exhibit "A" and court filings in the form or substantially similar form as Composite Exhibit "B" that the class is so numerous that joinder of all members is impractical. Based on the best information available to Plaintiff, Plaintiff estimates that the class includes hundreds of class members.

66.     There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form or substantially similar form of Exhibit "A" or was subject to a collection lawsuit using court filings in the form of or substantially similar form as Composite Exhibit "B."

67.     The principal legal issues are:

(i) whether Defendants' letters in the form or substantially similar form as Exhibit "A" violate the FDCPA by  failing to properly inform the consumer of the statutorily mandated information under 15 U.S.C. §1692g;

(ii) whether Defendants' use of collection communications in the form or substantially similar form as Exhibit "A" and Composite Exhibit "B" violate the FDCPA in that Defendants:

(a)     used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692d;

(b)     engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692e;

(c)     made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(d)     made a false representation or implication that a communication was from an attorney in contravention of 15 U.S.C. §1692e(3);

(e)     made a threat to take any action that cannot legally be taken

-15-

or is not intended to be taken in contravention of 15

U.S.C.§1692e(5);

(f)      used false representations or deceptive means to collect or

attempt to collect a debt in contravention of 15 U.S.C. §1692e(10);

and;

(g)      used unfair and unconscionable means to collect or attempt

to collect a debt in contravention of 15 U.S.C. §1692f.

68.      The claims of Mr. King are typical of those of the class members. All are based on the same facts and legal theories.

69.      Mr. King will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

70.      Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1)  The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2)  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

71.      Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

-16-

72.     Mr. King requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

73.     As a result of the conduct of Defendants, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

74.     Plaintiff and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Ronald King, an individual, requests judgment be entered in his favor and in favor of the class against Defendants, Credit Card Receivables Fund Incorporated, an Ohio corporation, and ZB Limited Partnership, a Delaware limited partnership, doing business together as "Unifund CCR Partners, " Mark A. Hall, an individual, and Hall Law, LLC, a Florida limited liability company, for:

A.      Declaratory judgment that the above-described conduct of Defendants violate the Fair Debt Collection Practices Act;

B.      Statutory damages pursuant to 15 U.S.C. §1692k;

C.      An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D.      Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Ronald King, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.


Dated this 18th day of September, 2012.

_____

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
Email: rphyu@aol.com

P. O. Box 42465
Cincinnati, OH 45242
ADDRESS SERVICE REQUESTED

# Hall Law, LLC

P.O. Box 42465
Cincinnati, OH 45242
(888) 473-5021

RONALD KING
301 GARDENS DR APT 202
POMPANO BEACH, FL 33069

September 19, 2011

Re: RONALD KING
ACCOUNT: CITIBANK SOUTH DAKOTA NA
Balance Due: $8,204.17
Your Account No. 5466160254971102
Our Reference No. 674562

### NOTICE UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

Dear RONALD KING:

This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. This letter is from a debt collector.

The undersigned represents UNIFUND CCR PARTNERS as assignee of original creditor concerning an unpaid amount due from you. As of the date of this letter the amount you owe is $8,204.17. UNIFUND CCR PARTNERS desires to resolve this problem amicably. UNIFUND CCR PARTNERS is willing to assist you in setting up a payment plan to satisfy this debt.

If you fail to contact my firm within 30 days of the date you receive this letter and dispute the validity of this debt or any portion thereof, I will assume this debt is valid. If you contact my office in writing within thirty (30) days of the date you receive this letter and request verification of this debt, I will obtain verification of this debt and mail you a copy of such verification. Also, upon your written request within 30 days of the date you receive this letter, my firm will provide you with the name and address of the original creditor if different from the current creditor.

If you fail to contact my office within thirty (30) days of the date you receive this letter UNIFUND CCR PARTNERS may instruct my firm to commence a lawsuit to recover this debt. In the context of that case, and pursuant to Florida Law, Unifund CCR Partners will also ask the court to award interest, attorney's fees, and costs expended.

If you would like to resolve this matter, please feel free to contact my office at (888) 347-7788.

Very truly yours,

*Mark A. Hall*

Mark A. Hall, Esq.

CC: UNIFUND CCR PARTNERS



# EXHIBIT "A"

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute §25.075.

## I. CASE STYLE

IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA

UNIFUND CCR PARTNERS,                          CASE NO.

Plaintiff,
v.

RONALD KING,

Defendant.
_____/

## II. TYPE OF CASE  (Place an X on one only.  If the case fits more than one type of case, select the most definitive)

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| __Simplified Dissolution | __Professional Malpractice | X Contracts |
| __Dissolution | __Product Liability | __Condominium |
| __Support-IV-D | __Auto Negligence | __Real property/Mortgage |
| __Support-Non-IV-D | __Other Negligence | foreclosure |
| __URESA-IV-D | __Eminent domain | |
| __URESA-Non-IV-D | __Other | |
| __Domestic Violence | | |
| __Other Domestic relations | | |

BROWARD COUNTY FLORIDA
MAR 2 9 2012
COUNTY CIVIL SOUTH

## III. Is Jury Trial Demanded in Complaint?
    __Yes   X No

Date:_____

SIGNATURE OF ATTORNEY

_____
Hall Law, LLC
Mark A. Hall, Esq          Florida Bar No. 0020936

Attorney for Plaintiff
4320 Deerwood Lake Pkwy, Suite 101-144
Jacksonville, FL 32216
Ph. 888-347-7788
Fax 513-489-6903

# COMPOSITE EXHIBIT "B"

IN THE COUNTY COURT IN AND FOR
BROWARD COUNTY, FLORIDA

Unifund CCR Partners
Plaintiff,

v.

RONALD KING,

Defendant.

CASE NO. *12 - 5047*
*(60)*

**60**
ERIC M. BELLER

COUNTY CIVIL SOUTH
BROWARD COUNTY FLORIDA
MAR 2 9 2012

## COMPLAINT

The Plaintiff, Unifund CCR Partners, a partnership ("Plaintiff"), sues the Defendant,

RONALD KING ("Defendant"), and alleges:

### THE PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff is a partnership with its principal place of business in Cincinnati, Ohio.

2.  Plaintiff is registered in the State of Florida pursuant to Florida Statute sections 559.553
    and 559.555.

3.  Upon information and belief, Defendant is an individual who resides and/or maintains an
    address and/or domicile sufficient to allow this Court to maintain jurisdiction and venue
    of Plaintiff's claims against Defendant.

4.  This is an action for damages which are within the jurisdictional amounts of this Court,
    thus giving this Court jurisdiction over this action.

*674562*        *180/120308/674562*

XSIA (MAIL)

## COUNT ONE

## THE ACCOUNT

5.      Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 4 above as if set forth fully herein.

6.      On or about 03/15/2006, Defendant opened an account with the account number bearing the last four numbers 1102 (the "Account").

7.      Defendant used the Account to make purchases of various goods and/or services, and/or to make cash advances, and/or funds provided for overdraft protection paid from the Account. Through Defendant's use of the Account, the Plaintiff's predecessor performed its agreement to extend credit, or to provide goods or services to the Defendant.

8.      Defendant last made payment on the Account on or about 08/11/2008.

9.      On 03/25/2009, the Account was charged off by Plaintiff's predecessor.

10.     On the date the Account was charged off, there was a balance due and owing on the Account from the Defendant in the amount of $7,296.81.

## ASSIGNMENT OF THE ACCOUNT

11.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 10 above as if set forth fully herein.

12.     Plaintiff was assigned the Account, including, but not limited to, those rights associated with this action. (A true and correct copy of the applicable assignment documents are attached hereto as Exhibit A).

*674562*      *180/120308/674562*

<u>FIRST CLAIM: ACCOUNT STATED</u>

13.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 12 above as if set forth

fully herein.

14.     Before the institution of this action, Plaintiff's predecessor and Defendant had business

transactions between them on the Account and Plaintiff's predecessor sent Defendant statements

of transactions between them.

15.     Defendant and Plaintiff's predecessor had an express or implied mutual agreement between

them that the specified balance set forth above is correct and due, and Defendant also expressly

or impliedly promised to pay the balance due and owing.

16.     A statement or statements of account setting forth the balance due as set forth above were sent

to Defendant. Upon information and belief, Plaintiff states that Defendant did not object to the

statements within a reasonable time.

17.     · Plaintiff has acquired the Account and, therefore, is entitled to all sums due and owing on the

Account. ·

18.     Defendant owes the balance due on the Account in the amount of $7,296.81 that is due and

owing plus prejudgment interest as allowed by Florida law until the date of entry of a final

judgment in this action, post-judgment interest thereafter until paid, and costs.

19.     WHEREFORE, Plaintiff demands judgment as to the Account against the Defendant for

damages of $7,296.81 and any further relief this court deems just and proper.

*674562*        *180/120308/674562*

## SECOND CLAIM: UNJUST ENRICHMENT

20.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 12 above as if set forth fully herein.

21.     The Plaintiff's predecessor conferred a benefit on the Defendant in the form of the Account and the extension of credit, and the Defendant has knowledge thereof.

22.     The Defendant voluntarily accepted, appreciated and retained the benefit conferred by using the Account to make purchases for goods and/or services, and/or to make cash advances, and/or funds provided for overdraft protection paid from the Account.

23.     The circumstances are such that it would be inequitable for the Defendant to retain the benefit of the Account without paying the value thereof.

24.     Plaintiff has acquired the Account and, therefore, is entitled to all sums due and owing on the Account.

25.     Defendant owes the balance due on the Account in the amount of $7,296.81 that is due and owing plus prejudgment interest as allowed by Florida law until the date of entry of a final judgment in this action, post-judgment interest thereafter until paid, and costs.

26.     WHEREFORE, Plaintiff demands judgment as to the Account against the Defendant for damages of $7,296.81 and any further relief this court deems just and proper.

## THIRD CLAIM: OPEN ACCOUNT

27.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 12 above as if set forth fully herein.

*674562*      *180/120308/674562*

28.    As a result of Defendant's use of the Account and failure to pay the balance due and owing on the Account, Defendant has an unsettled debt with the Plaintiff's predecessor arising from goods and services sold and delivered with the expectation of further transactions subject to further settlement.

29.    Attached hereto as composite Exhibit B are credit card statements reflecting the unpaid balance due and owing on the Account from the Defendant, who failed to pay the balance due on the Account.

30.    Plaintiff, as assignee, is entitled to all sums due and owing on the Account.

31.    Defendant owes the balance due on the Account in the amount of $7,296.81 that is due and owing plus prejudgment interest as allowed by Florida law until the date of entry of a final judgment in this action, post-judgment interest thereafter until paid, and costs.

32.    WHEREFORE, Plaintiff demands judgment as to the Account against the Defendant for damages of $7,296.81 and any further relief this court deems just and proper.


## FOURTH CLAIM: MONEY LENT

33.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 12 above as if set forth fully herein.

34.    Defendant owes Plaintiff $7,296.81 that is due with interest since the date Defendant last made payment on the Account for money lent to Defendant by the Plaintiff's predecessor during Defendant's use of the Account.


*674562*      *180/120308/674562*

35.    Defendant owes the balance due on the Account in the amount of $7,296.81 that is due and

owing plus prejudgment interest as allowed by Florida law until the date of entry of a final

judgment in this action, post-judgment interest thereafter until paid, and costs.

36.    WHEREFORE, Plaintiff demands judgment as to the Account against the Defendant for

damages of $7,296.81 and any further relief this court deems just and proper.

**WHEREFORE**, Plaintiff demands Judgment against the Defendant as follows:

    a. the remaining balance of $7296.81 with prejudgment interest as allowed by

Florida law until the date of entry of a final judgment in this action, post-

judgment interest thereafter until paid; and

    b. court costs; and

    c. all other and further relief that this Court deems just.

HALL LAW, LLC

MARK A. HALL, ESQUIRE
Florida Bar No.: 0020936
Attorney for Plaintiff
4320 Deerwood Lake Pkwy
Suite 101-144
Jacksonville, FL  32216
(904) 772-5266

*674562*          *180/120308/674562*



## BILL OF SALE AND ASSIGNMENT

THIS BILL OF SALE AND ASSIGNMENT dated June 30, 2010, is between Citibank (South Dakota), National Association, a national banking association organized under the laws of the United States, located at 701 East 60th Street North, Sioux Falls, SD 57117 (the "Bank") and Sherman Originator III, LLC, located at Sherman Capital Markets, LLC, 200 Meeting Street, Suite 206, Charles, SC 29401 ("Buyer").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated June 28, 2010, between Buyer and the Bank (the "Agreement"). the Bank does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, the Accounts listed in Exhibit 1 and the final electronic file.

Bank

By: _____
         (Signature)

Name: _____

Title: _____

Patricia Hall, VP
GEID C000114706
Financial Control
CBSD MC 1162
(605) 331-1917

EXHIBIT 1

BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS, that the undersigned Sherman Acquisition LLC ("Seller"), for and in consideration good and valuable consideration, the receipt of which is hereby acknowledged, does by these presents, assign, sell, transfer, convey, and set over to Unifund Portfolio A, LLC. ("Purchaser"), its successors and assigns, all rights, title and interest in and to certain charged-off receivables (the "Charged-off Accounts"), related documents evidencing a security interest, liens or other security instruments or encumbrances executed, filed and/or created in conjunction with collateral securing the Charged-off Accounts. Such Charged-off Accounts are described in the attached Appendix A to this Bill of Sale.

This Assignment is made without recourse or warranty except as otherwise provided in the Agreement executed by Seller and Purchaser with regard to the Charged-off Accounts and other rights, privileges and documentation referred to herein.

Dated this 25th day of May, 2011

SHERMAN ACQUISITION LLC

By: _____
Jon Mazzoli, Director

20

## Declaration of Account Transfer

Sherman Originator III LLC ("SOLLC III"), without recourse, to the extent permitted by applicable law, transferred, sold, assigned, conveyed, granted and delivered to Sherman Originator LLC ("SOLLC") all of its right, title and interest in and to the receivables and other assets (the "Assets") identified on Exhibit A, in the Receivable File dated June 29, 2010 delivered by Citibank (South Dakota), N.A. on June 30, 2010 for purchase by SOLLC III on June 30, 2010. The transfer of the Assets included electronically stored business records.

SOLLC, subsequent to the above mentioned transfer, transferred, sold, assigned, conveyed, granted and delivered to LVNV Funding LLC ("LVNV"), the above mentioned Assets. The transfer of the Assets included electronically stored business records.

Sherman Originator III LLC
a Delaware Limited Liability Company

By: _____
        Name: Jon Mazzoli
        Title:   Director


Sherman Originator LLC
a Delaware Limited Liability Company

By: _____
        Name: Kevin Branigan
        Title:   Authorized Representative


LVNV Funding LLC
a Delaware Limited Liability Company

By: _____
        Name: Les Gutierrez
        Title:   Authorized Representative

Exhibit A

**Receivables File**

**06.30.10**

| **Transfer Group** | **Portfolio** | **Transfer Batch** |
|---|---|---|
| 161568 | 14808 | N/A |

## Transfer and Assignment

LVNV Funding LLC ("LVNV"), without recourse, to the extent permitted by applicable law, hereby transfers, sells, assigns, conveys, grants and delivers to Sherman Acquisition, L.L.C. ("SALLC") all of its right, title and interest in and to the receivables and other assets (the "Assets") identified on Exhibit A, in the Receivable File dated May 25, 2011.  The transfer of the Assets included electronically stored business records.

Dated: **May 25, 2011**

LVNV Funding LLC
a Delaware Limited Liability Company

By:
Name: Les Gutierrez
Title:   Authorized Representative

Dated: **May 25, 2011**

SHERMAN ACQUISITION LLC

a Delaware limited liability company

By:
Name:  Scott Silver
Title:  Authorized Representative

Exhibit A

**Receivables File**
05.25.11

| Transfer Group | Portfolio | Transfer Batch |
|----------------|-----------|----------------|
| 191205 | | 123031 |

## ASSIGNMENT

**THIS ASSIGNMENT** is effective as of July 6, 2001 (the "Effective Date"), between Unifund Portfolio A, LLC, an Ohio limited liability company ("Assignor"), and Unifund CCR Partners, a New York general partnership ("Assignee").

**WHEREAS,** Assignor has placed certain receivables (the "Receivables") with Assignee for servicing pursuant to a Servicing Agreement between the parties, as such Servicing Agreement may be amended from time to time (the "Agreement"); and

**WHEREAS,** pursuant to the Agreement, Assignor has granted Assignee the authority to take such action as is reasonably necessary to service the Receivables, including, without limitation, the authority to sell, lease or assign the Receivables to third parties; and

**WHEREAS,** Assignor desires and intends to grant Assignee the right to conduct litigation with respect to the Receivables which Assignor owns or may acquire from time to time;

**NOW, THEREFORE,** Assignor, for value received and as set forth in Exhibit A hereto, and in connection with the Agreement, transfers and assigns to Assignee all of Assignor's rights in the Receivables, for collection purposes only, including conducting litigation in Assignee's name, for those Receivables which Assignor owns or may acquire from time to time.

Assignor expressly authorizes Assignee to refer any assigned Receivable(s) for commencement of litigation to an attorney or attorneys admitted to the practice of law in the state in which litigation is to be commenced. Assignee may consolidate, for purposes of filing an action, the assigned Receivable(s) with those of other creditors against an individual debtor or co-debtors.

Assignor shall retain title and ownership of such Receivables. The Assignment is without recourse to Assignor and without warranty of any kind (including, without limitation, warranties pertaining to title, validity, collectability, accuracy or sufficiency of information, and applicability of any statute of limitations), except as stated in the Agreement or herein.

Assignor and Assignee further state that it is now and has been at all times since the Effective Date the intention of the parties to authorize Assignee to conduct litigation with respect to the Receivables. Assignor and Assignee state that this Assignment is entered into voluntarily and was not required by Assignee as a condition to listing the Receivables for collection.

UNIFUND CCR PARTNERS

By: _____
      Henry N. Thoman
      Vice President

UNIFUND PORTFOLIO A, LLC

By: _____
      Henry N. Thoman
      Vice President

## ACKNOWLEDGMENT

State of _Ohio_

County of _Hamilton_

    The foregoing instrument was acknowledged before me this _7th_ day of _Aug_, 20_08_ by Henry N. Thoman, Vice President of Unifund Portfolio A, LLC, an Ohio limited liability company, on behalf of Unifund Portfolio A, LLC.

_____
Notary Public

(seal)

My commission expires: _12/19/11_

NATHAN R. DUVELIUS
NOTARY PUBLIC
STATE OF OHIO
Comm. Expires
December 19, 2011

REDACTED

**Account Activity**
Jul 29-Aug 26, 2008

**Payment Due Date:**
**09/19/2008** Payment must be received by 5:00 PM local time on the payment due date.

**Minimum Amount Due:**
**$213.00**

**Total New Balance:**
**$6,099.93**

**Quick Reference**

| | |
|---|---|
| Revolving Credit Line | $6,000 |
| Available Revolving Credit Line | $0 |
| Cash Advance Limit | $1,800 |
| Available Cash Limit | $0 |

**Important Account Information**
ThankYou Flight Points will appear on your billing statement approximately 6 to 8 weeks following the initial departure date of travel.

1 of 2

Total New Balance:
$6,099.93
Minimum Amount Due:
$213.00
Payment Due Date:
09/19/2008

000000 PW 00 A 0
RONALD KING
301 GARDENS DR
APT 202
POMPANO BEACH FL 33069-0915

date paid

amount paid

check #

Amount Enclosed

Account Number

Make checks payable to Citi Cards

CITI CARDS
P.O. BOX 182564
COLUMBUS, OH 43218-2564

Payment must be received by 5:00 PM local time on the payment due date.

Detach and follow payment instructions on reverse

www.citicards.com
Account Member
RONALD KING
Account Number

How to Reach Us
1-800-967-6300

Customer Service
BOX 6062
SIOUX FALLS, SD
57117

Total Points transferred to your
ThankYou® Member Account this period: **282**
Full details can be found in the ThankYou Points Summary section of this statement.

**At a Glance**

| Previous Balance | Amount Over Revolving Credit Line | Past Due | Finance Charges | Total New Balance |
|---|---|---|---|---|
| $5,882.43 | $99.93 | $0.00 | $53.07 | $6,099.93 |

**Payments, Credits and Adjustments**

| Sale | Post | Description | Amount |
|---|---|---|---|
| | 08/11 | CLICK-TO-PAY PAYMENT, THANK YOU | -117.22 |

**Standard Purchases**

| Sale | Post | Description | Amount |
|---|---|---|---|
| 07/27 | 07/29 | TAMPA PORT AUTHORITY TAMPA FL | 15.00 |
| 07/27 | 07/29 | BENNIGAN'S 5942 TAMPA FL | 32.37 |
| 07/28 | 07/28 | PLR*PRICELINE.COM INC 800-657-9168 CT | 75.69 |
| 07/28 | 07/29 | HOOTERS OF LAKELAND II LAKELAND FL | 85.15 |
| 07/28 | 07/29 | SPA YOKOHAMA TAMPA FL | 45.00 |
| 08/11 | 08/11 | JB'S ON THE BEACH DEERFIELD BCH FL | 71.09 |
| | 08/26 | PURCHASES FINANCE CHARGE@PERIODIC RATE | 53.07 |

**Account Summary**

| | Previous Balance | (+) Purchases & Advances | (-) Payments & Credits | (+) FINANCE CHARGE | (=) New Balance |
|---|---|---|---|---|---|
| Purchases | 5,882.43 | 281.65 | 117.22 | 53.07 | 6,099.93 |
| Advances | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total | 5,882.43 | 281.65 | 117.22 | 53.07 | 6,099.93 |



EXHIBIT
B

bubbles®

**Account Number**
**•••• •••• •••• 1102**

**How to Reach Us**
1-800-967-9890

**Customer Service**
BOX 6062
SIOUX FALLS, SD 57117

**Access your account online:** www.citicards.com

The pur/balv min due displayed above includes any transactions that exceed your revolving credit line.

Looking for a way to own your home sooner? Citi Card members can enroll in The BiWeekly Advantage(SM) Plan and potentially save thousands in mortgage interest. Call 1-866-375-7770 to learn more from FNC Insurance Agency, an affiliate of Citi Cards.

## Rate Summary

| | Balance Subject to Finance Charge | Periodic Rate | Nominal APR | Days This Billing Period 29 ANNUAL PERCENTAGE RATE APR |
|---|---|---|---|---|
| **PURCHASES** | | | | |
| Standard Purch | $1,077.31 | 0.05011%(D) | 18.296% | 18.296% |
| **ADVANCES** | | | | |
| Standard Adv | $0.00 | 0.05347%(D) | 19.396% | 19.396% |

## ThankYou Points Summary

**Flight Points Activity This Period**

| Beginning Balance | Earned | Special/ Bonus | Adjusted/ Expired | Transferred to ThankYou Member Account | Remaining Balance |
|---|---|---|---|---|---|
| 0 | 0 | 0 | 0 | 0 | 0 |

**Purchase Points Activity This Period**

| Earned | Special/ Bonus | Adjusted | Total Earned | Transferred to ThankYou Member Account |
|---|---|---|---|---|
| 282 | 0 | 0 | 282 | 282 |

Total Points transferred to your ThankYou Member Account this period:    282

**Year to Date Activity**

| Flight Points Earned | Purchase Points Earned | Transferred to ThankYou Member Account |
|---|---|---|
| $0.00 | $0.00 | 0 |

Go to www.thankyou.com to review your ThankYou Point balance and redeem!

Remember, for every one Purchase Point that is transferred to your ThankYou Member Account, we will transfer one Flight Point as well. Purchase Points and Flights Points become available for redemption after they are transferred to your ThankYou Member Account.

Remember, with a no-preset spending limit you now have more financial flexibility. But you MUST PAY IN FULL any charges over the revolving credit line indicated.

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute §25.075.

## I. CASE STYLE

IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA

UNIFUND CCR PARTNERS,

CASE NO.

Plaintiff,
v.

RONALD KING,

Defendant.

_____/

## II. TYPE OF CASE  (Place an X on one only.  If the case fits more than one type of case, select the most definitive)

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| __Simplified Dissolution | __Professional Malpractice | X Contracts |
| __Dissolution | __Product Liability | __Condominium |
| __Support-IV-D | __Auto Negligence | __Real property/Mortgage |
| __Support-Non-IV-D | __Other Negligence | foreclosure |
| __URESA-IV-D | __Eminent domain | |
| __URESA-Non-IV-D | __Other | |
| __Domestic Violence | | |
| __Other Domestic relations | | |

BROWARD COUNTY FLORIDA

MAR 2 9 2012

COUNTY CIVIL SOUTH

## III. Is Jury Trial Demanded in Complaint?
   __Yes   X No

Date:_____

SIGNATURE OF ATTORNEY

_____

Hall Law, LLC
Mark A. Hall, Esq          Florida Bar No. 0020936

Attorney for Plaintiff
4320 Deerwood Lake Pkwy, Suite 101-144
Jacksonville, FL 32216
Ph. 888-347-7788
Fax 513-489-6903



EXHIBIT "C"

CASE DETAIL

Broward County Case Number: **COSO12005042**
Court Type: **Civil Division - County Court**
Incident Date: **N/A**
Court Location: **South Courthouse**
Magistrate ID / Name: **N/A**

State Reporting Number: **062012CC005042AXXXSO**
Case Type: **\* CC Damages >$5,000 - $15,000**
Filing Date: **03/29/2012**
Case Status: **Pending**
Judge ID / Name: **60 Beller, Eric M.**

Style: **Unifund CCR Partners Plaintiff vs. Ronald King Defendant**

| Party(ies) | Disposition(s) | Event(s) |
|---|---|---|

Expand All   Collapse All

[−] Party Detail

| Party Type | Party Name | Address (Per AOSC07-49, only the addresses of counsel can be displayed.) | Attorneys / Address<br>★ Denotes Lead Attorney<br>(Per FL Bar Rule 1-3.3, the most current attorney contact information can be found on the Florida Bar website.) |
|---|---|---|---|
| Plaintiff | **Unifund CCR Partners** | | ★ Hall, Mark A, ESQ.<br>Retained<br>PO Box 42670<br>Cincinnati, OH 45242 |
| Defendant | **King, Ronald** | | |

[−] Disposition Detail

| **There is no disposition information available for this case.** |
|---|

[−] Events, Hearings and Orders of the Court

| Date | Description | Additional Text |
|---|---|---|
| 06/08/2012 | **Summons Returned Unserved** | |
| 04/13/2012 | **Copy/Misc Fee** | Payor: RONALD KING ; Userid: CTS-lmenendez ; Receipt: 20124YF4D000679; ;<br>Amount:  $17.00 |
| 04/03/2012 | **Filing Fee Paid** | Payor: HALL ESQ, MARK A ; Userid: CTS-atulianello ; Receipt: 20124YF4E001119; ;<br>Amount:  $300.00 |
| 04/03/2012 | **Summons Issued Fee** | Payor: HALL ESQ, MARK A ; Userid: CTS-atulianello ; Receipt: 20124YF4E001119; ;<br>Amount:  $10.00 |

Back To Top

**Case Detail**

| 04/03/2012 | Summons Issued |
| 03/29/2012 | Civil Cover Sheet |
| 03/29/2012 | Complaint |

Party: *Defendant King, Ronald*

Perform Another Search     Back

Clicking the button above, exits your paid search.